FILED

AUG 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGSHENG HAN,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 12-72624<br><br>Agency No. A087-694-726<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Yongsheng Han, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, we deny Han's request for oral argument.

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of Han's CAT claim because Han failed to establish it is more likely than not he would be tortured if returned to China.  *See Sinha v. Holder*, 564 F.3d 1015, 1026 (9th Cir. 2009).

Substantial evidence also supports the agency's determination that Han failed to establish his experiences in China rose to the level of past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (record did not compel the finding that petitioner suffered past persecution).  Substantial evidence, however, does not support the agency's finding that Han failed to establish a nexus to a protected ground.  *See Hu v. Holder*, 652 F.3d 1011, 1017-20 (9th Cir. 2011) (record compelled finding a central reason for petitioner's mistreatment was his actual or imputed political opinion).  Thus, we grant the petition for review and remand Han's asylum and withholding of removal claims for the agency to determine whether Han has a well-founded fear of future persecution and/or faces a clear probability of future persecution.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

12-72624

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**